J-S33019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY TAYLOR, | |
| Appellant | No. 1229 WDA 2015 |

Appeal from the PCRA Order of April 21, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000812-1996

BEFORE:  GANTMAN, P.J., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 11, 2016**

Appellant, Jeffrey Taylor, appeals from the order entered on April 21, 2015, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On November 9, 1995, in the Hill District in Pittsburgh, Pennsylvania, Appellant and two co-defendants forced a jitney driver at gunpoint to get into the trunk of his own car.  Appellant and his co-defendants then drove the stolen car into the Oakland neighborhood of Pittsburgh where they committed an armed robbery at a gas station. Following the robbery, the co-defendants dropped Appellant off and then shot the jitney driver seven times, killing him. On February 27, 1996, the Commonwealth filed two bills of criminal information against Appellant.  In

_____
*Former Justice specially assigned to the Superior Court.

the first bill of criminal information, the Commonwealth charged Appellant with kidnapping, robbery, robbery of a motor vehicle, and conspiracy;[1] in the other, the Commonwealth charged Appellant with criminal homicide.[2] On January 30, 1998, a jury convicted Appellant of kidnapping, robbery, robbery of a motor vehicle, conspiracy, and involuntary manslaughter. The trial court imposed an aggregate sentence of 25 to 80 years of incarceration for kidnapping, robbery, robbery of a motor vehicle, and conspiracy. The trial court further imposed a consecutive sentence of two-and-one-half to five years of imprisonment for involuntary manslaughter. On direct appeal, in an unpublished memorandum filed on July 30, 1999, a panel of this Court affirmed Appellant's judgment of sentence for kidnapping, robbery, robbery of a motor vehicle, and conspiracy, but remanded for resentencing on the involuntary manslaughter conviction. On September 22, 1999, the trial court imposed no further penalty for involuntary manslaughter.

Thereafter,

> [o]n September 26, 2000, [Appellant] filed a timely PCRA petition. The PCRA court appointed counsel, C. Melissa Owen, Esquire (Attorney Owen), to represent [Appellant]. Attorney Owen filed an amended PCRA petition on February 20, 2001, and a second amended petition on April 2, 2001. In his amended petitions, [Appellant] contended that his appellate counsel was ineffective for failing to challenge the decision of the trial court to admit his confession when the

_____

[1] 18 Pa.C.S.A. §§ 2901, 3701, 3702, and 903, respectively.

[2] 18 Pa.C.S.A. § 2501.

Commonwealth had failed to establish the *corpus delicti* for robbery, robbery of a motor vehicle, conspiracy, and kidnapping. By [o]rder dated June 14, 2001, the PCRA court dismissed the petition without a hearing, prompting [Appellant] to appeal to the Superior Court. In a memorandum [o]pinion, the Superior Court affirmed the denial of post-conviction relief. [The Pennsylvania Supreme Court] granted allowance of appeal to address a conflict in [Pennsylvania] jurisprudence regarding the prerequisites of the "closely related crimes exception" to the *corpus delicti* rule.

***Commonwealth v. Taylor***, 831 A.2d 587, 590 (Pa. 2003) (footnote omitted). Our Supreme Court ultimately denied Appellant collateral relief, concluding, "[t]he closely related crimes exception does not require that the crimes share a common element." ***Id.*** at 596.

On October 27, 2014, Appellant filed a *pro se* PCRA petition. On November 3, 2014, the PCRA court appointed counsel to represent Appellant. On March 16, 2015, appointed counsel filed a petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On March 17, 2015, the PCRA court granted counsel's request to withdraw and issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a timely *pro se* response on March 31, 2015. By order entered on April 21, 2015, the trial court dismissed Appellant's PCRA petition. Appellant did not file a timely notice of appeal. On June 15, 2015, Appellant filed a *pro se* motion to modify and correct his sentence. By order entered on July 27, 2015, the trial court

reinstated Appellant's appellate PCRA rights *nunc pro tunc* and appointed appellate PCRA counsel.[3]  This appeal resulted.[4]

On appeal, Appellant presents the following issue for our review:

> Did the trial court err when it dismissed Appellant's [p]etition for [p]ost [c]onviction [r]elief without an evidentiary hearing relative to Appellant's claims of ineffective assistance of counsel despite a counseled "no-merit" letter filed by appointed counsel wherein Appellant's claims were not "patently frivolous" and, if proven, would have entitled Appellant to relief?

Appellant's Brief at 5.

Before we address this issue, we must determine whether the PCRA court had jurisdiction to grant *nunc pro tunc* relief reinstating Appellant's PCRA appellate rights.  We conclude that the court did not have jurisdiction.

Appellant's June 15, 2015 *pro se* motion to modify and correct his sentence must be considered a third PCRA petition.  ***See Fairiror***, 809 A.2d at 397 (petition for reinstatement of PCRA appellate rights *nunc pro tunc*

---

[3] As will be discussed at length ***infra***, the PCRA court erred in this regard.  If Appellant desired to appeal from the dismissal of his PCRA petition, he needed to do so in a timely fashion.  Failing that, Appellant's only avenue for relief was to file a subsequent PCRA petition.  ***See Commonwealth v. Fairiror***, 809 A.2d 396 (Pa. Super. 2002).  Accordingly, the PCRA court should have considered Appellant's subsequent filing as a petition for PCRA relief, which was then subject to the PCRA's jurisdictional timing requirements.

[4] On August 13, 2015, appointed appellate PCRA counsel filed a notice of appeal.  Appointed counsel filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on September 25, 2015.  On October 1, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

considered freestanding request for collateral relief); ***see also***

***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) ("by its own

language, and by judicial decisions interpreting such language, the PCRA

provides the sole means for obtaining state collateral relief"). As a separate

PCRA petition, Appellant's June 2015 *pro se* submission was subject to the

PCRA's timeliness requirements. ***See Fairiror***, ***supra***.

> The timeliness of a PCRA petition is a jurisdictional
> threshold and may not be disregarded in order to reach the
> merits of the claims raised in a PCRA petition that is
> untimely. Effective January 16, 1996, the PCRA was
> amended to require a petitioner to file any PCRA petition
> within one year of the date the judgment of sentence
> becomes final. A judgment of sentence becomes final at the
> conclusion of direct review, including discretionary review in
> the Supreme Court of the United States and the Supreme
> Court of Pennsylvania, or at the expiration of time for
> seeking the review.
>
> *          *          *
>
> However, an untimely petition may be received when the
> petition alleges, and the petitioner proves, that any of the
> three limited exceptions to the time for filing the petition
> [….] are met.[5] A petition invoking one of these exceptions

---

[5] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of
> interference by government officials with the presentation of
> the claim in violation of the Constitution or laws of this
> Commonwealth or the Constitution or laws of the United
> States;

*(Footnote Continued Next Page)*

must be filed within sixty days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame[.]

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (internal citations and quotations omitted).

Here, because there were two bills of criminal information, we undertake a bifurcated analysis to ascertain the dates on which Appellant's judgments of sentence became final. First, this Court affirmed Appellant's judgment of sentence for kidnapping, robbery, robbery of a motor vehicle, and conspiracy on July 30, 1999. Thereafter, Appellant took no further appeal. Thus, his judgment of sentence on these convictions became final 30 days later or on Monday, August 30, 1999. ***See*** Pa.R.A.P. 903 ("notice of appeal [] shall be filed within 30 days after the entry of the order from which the appeal is taken."); ***see also*** 1 Pa.C.S.A. § 1908 (computation of time).

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Our July 30, 1999 order disposing of Appellant's direct appeal remanded Appellant's case for resentencing on his involuntary manslaughter conviction. On remand, the trial court imposed no further penalty for involuntary manslaughter on September 22, 1999. As Appellant did not appeal that determination, his judgment of sentence for involuntary manslaughter became final 30 days later on October 22, 1999.

Appellant's *pro se* request for modification of his sentence, filed on June 15, 2015 and outside the 30-day appeal period for challenging the dismissal of his October 2014 PCRA petition, was patently untimely since more than 15 years passed after Appellant's judgments of sentence became final on all his convictions. Moreover, Appellant cited no exceptions to the PCRA's timeliness requirements. Because Appellant's third petition was untimely, the PCRA court lacked jurisdiction to grant *nunc pro tunc* reinstatement of PCRA appellate rights. ***Fairiror***, 809 A.2d at 398. Appellant's failure to perfect a timely PCRA appeal in this case forever relinquished his right to challenge the April 21, 2015 order that dismissed his October 2014 petition. Since the PCRA lacked jurisdiction to grant the relief that resulted in this appeal, we affirm the order dismissing Appellant's PCRA petition. ***See Commonwealth v. Kemp***, 961 A.2d 1247, 1254 (Pa. Super.

2008) ("[I]t is established that we can affirm the trial court on any valid basis.").[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016

---

[6] Although Appellant maintains that he is entitled to relief because his claims involve a challenge to the legality of his sentence, this contention is unavailing. We have said repeatedly that, "a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." *See e.g. Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007); *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) ("although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition.").